IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYON ANDERSON,

    Plaintiff,                    No. CIV S-10-2833 LKK GGH PS

    vs.

HERB BENEDICT,

    Defendant.                  ORDER

_____/

        On February 16, 2011, this court issued findings and recommendations, recommending that this action be dismissed for plaintiff's failure to file an amended complaint or otherwise respond to the court's order. On March 1, 2011, plaintiff filed objections which sets forth allegations of racial discrimination in regard to his employment by defendant. Because such allegations, if properly pled, would warrant service of the complaint, plaintiff will be granted one last opportunity to amend his complaint.

        Plaintiff is advised, however, that his amended complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of

1


1  action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235
2  (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
3  claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S.___, 129 S.Ct. 1937,
4  1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial
5  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
6  inference that the defendant is liable for the misconduct alleged." Id.

7  Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519,
8  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
9  Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se
10 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
11 dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
12 Fed. R. Civ. P. 8[1] sets forth general rules of pleading for the Federal Courts. Rule 8(a) requires
13 complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and
14 plain statement of the claim showing entitlement to relief; and (3) a demand for relief. The
15 complaint meets none of these requirements.

16 The amended complaint must allege the basis for this court's jurisdiction. A less
17 stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but
18 simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod.
19 Co., 53 F.3d 690, 694 (5th Cir.1995). Subject-matter jurisdiction is created only by pleading a
20 cause of action within the court's original jurisdiction. Id. In any event, it is plaintiff's
21 obligation to state the basis of the court's jurisdiction in the complaint, and thus far plaintiff has
22 not done so.

23 The requirement of a short and plain statement means a complaint must include
24 "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever

---

26 [1] Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

1  v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct.
2  99, 102 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (vague
3  and scanty allegations fail to satisfy the notice requirement of  Rule 8); 5 C. Wright & A. Miller,
4  Federal Practice and Procedure § 1202 (2d ed. 1990).
5           Finally, the amended complaint must state the relief sought.
6           Here, plaintiff has alleged only that defendant, apparently plaintiff's employer, did
7  not pay him his correct wage, and did not pay him overtime.  He also alleges that during the
8  worst heat wave in Sacramento, defendant retaliated against him by forcing him to dig by hand
9  when backhoes were used.  He also claims he was unfairly laid off, but defendant hired two
10 carpenters the very next day.  As a result of the stress, he developed herpes.  In his objections, he
11 now claims that the employer's actions were racially motivated.
12          Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., makes it an
13 unlawful employment practice for an employer to "fail or refuse to hire or to discharge any
14 individual, or otherwise to discriminate against any individual with respect to his compensation,
15 terms, conditions, or privileges of employment, because of such individual's *race, color,*
16 *religion, sex, or national origin*."  Id., § 2000e-2(a)(1) (emphasis added).  Section 2000e-16
17 makes the substantive provisions of Title VII applicable to federal agencies.  If the employer
18 permits the work environment to be permeated by hostility based on the emphasized protected
19 categories, this hostile work environment itself violates Title VII.  Meritor Savings Bank v.
20 Vinson, 477 U.S. 57, 106 S.Ct. 2399 (1986).
21          If plaintiff intends to make a claim for racial discrimination under the Civil Rights
22 Act, he must allege how the employer violated his rights under the authority set forth above.  If
23 he alleges violations of Title VII of the Civil Rights Act, he must also allege that he has
24 administratively exhausted these claims, and received a right to sue letter from the EEOC.  A
25 plaintiff filing a complaint under Title VII has ninety days to file the complaint in federal court
26 after receipt of the EEOC's right to sue letter.  See 42 U.S.C. § 2000e-16(c); 29 C.F.R. §

1614.408(c).[2]  An EEOC charge must be filed within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and agency).  See  42 U.S.C. S 2000e-1.

> Plaintiff is informed the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1. The findings and recommendations issued February 16, 2011, (dkt. # 4), are vacated; and

2. Plaintiff is granted twenty-one (21) days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: March 17, 2011

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:076/anderson2833.vac

---

[2]  In addition, a plaintiff must file an EEOC complaint within 300 days of the alleged violation.  See 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13; Draper v.Coeur Rochester, Inc., 147 F.3d 1104, 1107 (9th Cir. 1998).  This requirement effectively serves as a statute of limitations for the filing of Title VII claims.  See Draper, 147 F.3d at 1107.