IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYON ANDERSON,

      Plaintiff,                     No. CIV S-10-2833 LKK GGH PS

    vs.

HERB BENEDICT,

      Defendant.              <u>ORDER</u>

          Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

          By order of March 17, 2011, plaintiff was informed of the deficiencies in his complaint, and given leave to amend. Plaintiff has now filed an amended complaint which continues to be deficient in important respects. Although the amended complaint now alleges discrimination by his former employer,[1] it does not allege the basis for the discrimination.

          Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., makes it an

---

[1] The amended complaint alleges that plaintiff's employer created a hostile work environment by forcing plaintiff to dig by hand when backhoes were normally used, during the worst heat wave in Sacramento. He also claims he was unfairly laid off, and that defendant hired a novice apprentice in his stead. As a result of the stress, plaintiff claims he developed herpes.

1

unlawful employment practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race, color, religion, sex, or national origin*." Id., § 2000e-2(a)(1) (emphasis added).  Section 2000e-16 makes the substantive provisions of Title VII applicable to federal agencies.  If the employer permits the work environment to be permeated by hostility based on the emphasized protected categories, this hostile work environment itself violates Title VII.  Meritor Savings Bank v. Vinson, 477 U.S. 57, 106 S.Ct. 2399 (1986).

       Plaintiff does not set forth whether the discrimination is on the basis of his race, color, religion, sex, or national origin.  Although prior filings did intimate that the discrimination was based on race, Local Rule 220 requires that the amended complaint must be complete in and of itself without reference to prior pleadings.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

       More important than the aforementioned oversight is that plaintiff has failed to allege that he administratively exhausted his claims and received a right to sue letter.

       If plaintiff intends to make a claim for racial discrimination under the Civil Rights Act, he must allege how the employer violated his rights under the authority set forth above.  If he alleges violations of Title VII of the Civil Rights Act, he must also allege that he has administratively exhausted these claims, and received a right to sue letter from the EEOC.  A plaintiff filing a complaint under Title VII has ninety days to file the complaint in federal court after receipt of the EEOC's right to sue letter.  See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(c).[2]  An EEOC charge must be filed within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and

---

[2] In addition, a plaintiff must file an EEOC complaint within 300 days of the alleged violation.  See 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13; Draper v.Coeur Rochester, Inc., 147 F.3d 1104, 1107 (9th Cir. 1998).  This requirement effectively serves as a statute of limitations for the filing of Title VII claims.  See Draper, 147 F.3d at 1107.

1  agency).  See  42 U.S.C. S 2000e-1.

2         Plaintiff has attached to his amended complaint only a letter, dated July 20, 2010,
3  wherein he requests a notice of right to sue authorization from the director of the EEOC.  (Am.
4  Compl., Ex.)  This letter does not establish that plaintiff has completed the exhaustion process
5  and received a right to sue letter.

6         Plaintiff will be given one more chance to amend.  In addition to demonstrating
7  that he has exhausted his required administrative remedies, plaintiff mus allege facts to show that
8  his conclusion: "everything that happened to me was due to discrimination" has some support.
9  In other words, just having to manually dig instead of having a backhoe do the work, says
10 nothing by itself as to whether discrimination took place.  Plaintiff would have to allege
11 (truthfully) that others similarly situated did not have to manually dig, and that his requirement to
12 do so was based on a violation of race, sex, or religion, etc.

13        Plaintiff shall file the second amended complaint no later than twenty-one (21)
14 days from the filed date of this order.  The second amended complaint cannot refer back to
15 previous complaints, it must be complete in itself.

16 DATED: July 5, 2011

17                             /s/ Gregory G. Hollows
                   UNITED STATES MAGISTRATE JUDGE

18 GGH:076/anderson2833.fr