IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYON ANDERSON,

      Plaintiff,                        No. CIV S-10-2833 LKK GGH PS

    vs.

HERB BENEDICT,

      Defendant.                   ORDER

_____/

      Previously pending on this court's law and motion calendar for March 15, 2012, was defendant's motion to dismiss, filed January 30, 2012. Plaintiff appeared in pro se. Defendant was represented by Nicole Legrottaglie. Having heard oral argument and reviewed the motion and opposition, the court now issues the following order.

BACKGROUND

      This action was commenced on October 20, 2010, and is proceeding on the second amended complaint ("SAC"), filed July 22, 2011. Plaintiff was employed by non-party MCM Construction ("MCM") in 2006 as a construction worker. He alleges that defendant, plaintiff's supervisor, paid him less than other workers, and did not allow him to work overtime because he was the only Black person on the job site. (SAC at 2.) The SAC also alleges that plaintiff was unfairly treated and laid off. It further alleges that defendant retaliated against

1

plaintiff for a phone call he made, by sending him to work at a different job site where he was forced to dig holes by hand with a shovel even though tractor backhoes were always used for this type of work. This work was required to be done for three weeks during "the worst heat wave in Sacramento." Plaintiff alleges that he knew digging holes by hand would cause him to be fired. The SAC alleges that after plaintiff was laid off, two more workers were hired two weeks later. As a result of the stress, he developed Herpes and could only sleep for three hours a night. In addition to discrimination, retaliation, and wrongful termination under Title VII of the Civil Rights Act, plaintiff alleges a hostile work environment and violation of the Equal Pay Act.

DISCUSSION

Defendant's motion seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

I. Legal Standard for Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

II. Analysis

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., makes it an unlawful employment practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race, color, religion, sex, or national origin*." Id., § 2000e-2(a)(1) (emphasis added).  Section 2000e-16 makes the substantive provisions of Title VII applicable to federal agencies.  If the employer permits the work environment to be permeated by hostility based on the emphasized protected categories, this hostile work environment itself violates Title VII.  Meritor Savings Bank v.

Vinson, 477 U.S. 57, 106 S.Ct. 2399 (1986).

      A suit for retaliation may be brought under Title VII which provides in part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

      This section protects an employee or former employee from retaliation as a result of engaging in activity protected by Title VII. Arnold v. U.S., 816 F.2d 1306, 1310 (9th Cir. 1987); Richardson v. Restaurant Marketing Associates, Inc., 527 F. Supp. 690, 695 (N.D. Cal. 1981). In a retaliation case, this circuit follows the general rule regarding proof as set forth in McDonnell Douglas. Thus: (1) plaintiff must establish a prima facie case; (2) defendant must then come forward with legitimate nondiscriminatory reasons for the action; and (3) plaintiff has the final burden to show that the action was a pretext for retaliation. Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464-65 (9th Cir. 1994).

      Claims brought under Title VII of the Civil Rights Act must be administratively exhausted. Plaintiff must allege he received a right to sue letter from the EEOC. A plaintiff filing a complaint under Title VII has ninety days to file the complaint in federal court after receipt of the EEOC's right to sue letter. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(c).[1] An EEOC charge must be filed within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and agency). See 42 U.S.C. S 2000e-1.

\\\\\

---

[1] In addition, a plaintiff must file an EEOC complaint within 300 days of the alleged violation. See 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13; Draper v.Coeur Rochester, Inc., 147 F.3d 1104, 1107 (9th Cir. 1998). This requirement effectively serves as a statute of limitations for the filing of Title VII claims. See Draper, 147 F.3d at 1107.

4

A. <u>Defendant Benedict</u>

Defendant first asserts that although plaintiff received a right to sue letter from the EEOC on July 22, 2010, it did not name Benedict as the defendant. It appears instead that MCM was named as the defendant. (Def.'s Mot. at 3, n. 2.) Therefore, defendant argues, plaintiff has failed to exhaust his administrative remedies, and has improperly named Benedict, an individual, as a defendant, which is not permitted by Title VII. Plaintiff has attached only his letter to the EEOC which does not name a defendant. The right to sue notice has not been included in the record before the court.

Plaintiff should have named MCM as the defendant instead of Benedict because Benedict, as plaintiff's supervisor, is an individual. The Ninth Circuit has held that individual employees, including supervisory employees, cannot be held liable for damages under Title VII. <u>Miller v. Maxwell's International, Inc.</u>, 991 F.2d 583, 587-588 (9th Cir. 1993). Although this act defines "employer" to include "any agent" of the employer (42 U.S.C. § 2000e(b) ), the Ninth Circuit has construed these provisions "to incorporate respondeat superior liability into the statute[s]" rather than impose "employer liability" on the employee. <u>Id</u>., at 587, quoting <u>Padway v. Palches</u>, 665 F.2d 965, 968 (9th Cir. 1982). Thus, "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee." <u>Pink v. Modoc Indian Health Project, Inc.</u>, 157 F.3d 1185, 1189 (9th Cir. 1998). Thus, only the employer may be held liable under Title VII. Because plaintiff properly named MCM as a defendant in his EEO complaint, he will be permitted to file a third amended complaint, naming MCM as defendant in place of Benedict.

B. <u>Potential Statute of Limitations Issue in Regard to MCM</u>

Defendant argues that any claim plaintiff may have against MCM would be time barred since plaintiff received his right to sue notice from the EEOC on July 22, 2010, and he would have had to bring an action against MCM within ninety days thereafter. The court will not rule prematurely on such a motion. Nevertheless, the parties are advised that although an

5

amended complaint naming MCM as defendant might be time barred, under the relation back theory, where a defendant is not accurately named in the original complaint, it may be added after the statute of limitations has expired.  Edwards v. Occidental Chemical Corp., 892 F.2d 1442, 1446 (9th Cir. 1990).  Rule 15(c) provides instances where a pleading relates back to the date of an original pleading if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence" in the original pleading, and the party being brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the party's identity.

Fed. R. Civ. P. 15(c)(1)(B), (C).

This issue is premature, however, and will only be decided if and when defendant MCM brings a motion to dismiss on these grounds.

C. Equal Pay Act Claim

Defendant argues that plaintiff has failed to state a claim under the Equal Pay Act ("EPA") because this act is limited to prohibiting employers from paying employees of one sex less than employees of the opposite sex for performing equal work.

The Equal Pay Act provides in part:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions....

29 U.S.C. § 206(d)(1).

An Equal Pay Act case requires a plaintiff to prove discrimination by showing that employees of the opposite sex were paid different wages for equal work.  Stanley v. University of Southern California, 178 F.3d 1069, 1073-74 (9th Cir. 1999).

In his opposition, plaintiff has withdrawn this claim, conceding that sex discrimination is not relevant to his complaint. In filing a third amended complaint, plaintiff shall eliminate any claim under the Equal Pay Act.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss, filed January 30, 2012, (dkt. no. 17), is denied without prejudice.

2. Plaintiff is granted thirty (30) days from the March 15, 2012 hearing in which to file and serve a Third Amended Complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: March 19, 2012

  /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/anderson2833.mtd