IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYON ANDERSON,

    Plaintiff,                         No. CIV S-10-2833 LKK GGH PS

    vs.

MCM CONSTRUCTION INC.,

    Defendant.                       FINDINGS AND RECOMMENDATIONS

_____/

        Presently pending before this court is defendant's motion to dismiss, filed July 26, 2012.[1] Having reviewed the motion, opposition,[2] and reply, the court now issues the following findings and recommendations.

BACKGROUND

        This action was commenced on October 20, 2010, and is proceeding on the third amended complaint ("TAC"), filed March 21, 2012. Plaintiff, an African-American, was employed by defendant MCM Construction ("MCM") in 2006 as a carpenter. He alleges that

---

[1] The motion was originally scheduled for hearing but was taken under submission on the papers, the court having found that oral argument was unnecessary. Order, filed August 22, 2012. (Dkt. no. 32.)

[2] Plaintiff filed an untitled document on August 16, 2012, (dkt. no. 30), which the court construes as a timely opposition.

1

MCM[3] paid him less than other workers. Plaintiff asserts that defendant accused him of complaining that he was being discriminated against, and responded by subjecting him to adverse treatment and finally termination. (TAC at 2.) The TAC also alleges that defendant permitted a hostile work environment and applied different terms and conditions to non-Blacks. (Id. at 2-3.) It further alleges that defendant discriminated against plaintiff by sending him to work at a different job site where he was forced to dig holes by hand with a shovel even though tractor backhoes were always used for this type of work. Plaintiff claims that in this manner it took him three weeks to move two feet of dirt whereas with a back hoe he could have completed the job in less than four hours. (Id. at 3.) The TAC alleges that plaintiff, who had more than three years experience, was wrongfully terminated, but that defendant kept an apprentice carpenter who had less than a month of experience. After he was terminated, plaintiff alleges that defendant hired two more carpenters less than two weeks later. (Id. at 4.) As a result of the stress, he developed Herpes and became depressed. In addition to retaliation, discrimination and wrongful termination under Title VII of the Civil Rights Act, plaintiff alleges a hostile work environment.

DISCUSSION

Defendant's motion seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

    I. Legal Standard for Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice

---

[3] Plaintiff had originally named Herb Benedict, his supervisor, as the only defendant, but was directed to amend a third time in order to name MCM as the proper defendant.

and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

\\\\\

II. Title VII Standards

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., makes it an unlawful employment practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race, color, religion, sex, or national origin*." Id., § 2000e-2(a)(1) (emphasis added). Section 2000e-16 makes the substantive provisions of Title VII applicable to federal agencies. If the employer permits the work environment to be permeated by hostility based on the emphasized protected categories, this hostile work environment itself violates Title VII. Meritor Savings Bank v. Vinson, 477 U.S. 57, 106 S.Ct. 2399 (1986).

A suit for retaliation may be brought under Title VII which provides in part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

This section protects an employee or former employee from retaliation as a result of engaging in activity protected by Title VII. Arnold v. U.S., 816 F.2d 1306, 1310 (9th Cir. 1987); Richardson v. Restaurant Marketing Associates, Inc., 527 F. Supp. 690, 695 (N.D. Cal. 1981). In a retaliation case, this circuit follows the general rule regarding proof as set forth in McDonnell Douglas. Thus: (1) plaintiff must establish a prima facie case; (2) defendant must then come forward with legitimate nondiscriminatory reasons for the action; and (3) plaintiff has the final burden to show that the action was a pretext for retaliation. Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464-65 (9th Cir. 1994).

A plaintiff is not required to establish a prima facie case in the complaint, because the prima facie case in the discrimination context "is an evidentiary standard, not a pleading

requirement." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). Instead, "the ordinary rules for assessing the sufficiency of a complaint apply." Id. at 511. Twombly and Iqbal nevertheless clarified and made more stringent the rules for assessing the sufficiency of a complaint, and courts have recognized that the elements of a prima facie case "are nonetheless relevant to the court's analysis of the sufficiency of the complaint." O'Donnell v. U.S. Bancorp Equipment Finance, Inc., 2010 WL 2198203, at *3 (N.D. Cal. May 28, 2010); Sablan v. A.B. Won Pat Int'l Airport Authority, 2010 WL 5148202, at *4 (D. Guam Dec. 9, 2010). After citing several other district court cases in the Ninth Circuit that have ostensibly employed this approach, one court noted:

> Common to all these cases is the recognition that although the elements of a *prima facie* employment discrimination case constitute an evidentiary standard, not a pleading requirement, *Twombly* and *Iqbal* have indisputably pushed pleading standards a bit back in the direction of fact pleading. Courts therefore *must* look at a complaint in light of the relevant evidentiary standard, in order to decide whether it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The idea, then, is not that *Swierkiewicz* has been overruled, but rather that, after *Twombly* and *Iqbal*, an employment discrimination plaintiff must get closer to alleging a *prima facie* case than was necessary a few years ago.

Sablan, 2010 WL 5148202, at *4.

See Sheppard v. David Evans and Assoc., 694 F.3d 1045, 1050 n. 2 (9th Cir. 2012) (ADEA discrimination case – no need to plead a complete prima facie case).

Claims brought under Title VII of the Civil Rights Act must be administratively exhausted. Plaintiff must allege he received a right to sue letter from the EEOC. A plaintiff filing a complaint under Title VII has 90 days to file the complaint in federal court after receipt of the EEOC's right to sue letter. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(c).[4] An

---

[4] In addition, a plaintiff must file an EEOC complaint within 300 days of the alleged violation. See 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13; Draper v.Coeur Rochester, Inc., 147 F.3d 1104, 1107 (9th Cir. 1998). This requirement effectively serves as a statute of limitations for the filing of Title VII claims. See Draper, 147 F.3d at 1107.

EEOC charge must be filed within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and agency).  See  42 U.S.C. S 2000e-1.

 III.  Analysis

  A.  Statute of Limitations

  Defendant argues that plaintiff's claims against MCM are time barred since plaintiff received his right to sue notice from the EEOC on July 22, 2010, and he would have had to bring an action against MCM within ninety days thereafter.  Plaintiff did not name MCM as a defendant until March 21, 2012.  In response, plaintiff states that he has exhausted and received his right to sue letter, but more importantly, he contends that he mistakenly believed he had to name an individual instead of a company when he first filed his complaint.  He claims that MCM knew all along that his complaint was against it and not against Herb Benedict, the originally named defendant.

  An amended complaint to name the correct defendant might be time barred; however, under the relation back theory, where a defendant is not accurately named in the original complaint, it may be added after the statute of limitations has expired.  Edwards v. Occidental Chemical Corp., 892 F.2d 1442, 1446 (9th Cir. 1990).  Rule 15(c) provides instances where a pleading relates back to the date of an original pleading if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence" in the original pleading, and the party being brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the party's identity.

Fed. R. Civ. P. 15(c)(1)(B), (C).

\\\\\

\\\\\

Amending the named defendant would not change the transaction or occurrence. Since MCM was the defendant named in the EEOC complaint,[5] it had actual notice of the action prior to the expiration of the limitations period by virtue of its having been served with the EEO complaint, filed December 12, 2006, and the notice of right to sue, received by plaintiff on July 22, 2010.

Determination of the second factor, whether MCM knew or should have known that plaintiff would have named it as a defendant but for a mistake concerning its identity, is less clear. The question should be phrased: "whether [the added defendant] knew or should have known that, absent some mistake, the action would have been brought against him." McAllister v. Hawaiiana Management Co., Ltd., 2012 WL 292955, *6 (D. Hawaii Jan. 30, 2012) (quoting Krupski v. Costa Crociere S.p.A., 130 S.Ct. 2485, 2494 (2010)). In Diaz v. Connolly, 332 Fed. Appx. 385, 2009 WL 1515637, *1 (9th Cir. 2009), the Ninth Circuit found that the district court properly ruled that there was no mistake concerning the identity of a proper party because the plaintiff knew of the individuals she wanted to add as defendants and their roles in the events when she filed her initial complaint. In Butler v. Robar Enterprises, 208 F.R.D. 621 (C.D. Cal. 2002), which concerned plaintiff's request to amend to substitute named defendants for doe defendants, the court acknowledged that the Ninth Circuit had not yet ruled on the issue, but based on rulings of other circuits, the court held that such an amendment would not relate back because lack of knowledge of a defendant's identity is not a "mistake" within the meaning of Rule 15(c)(3). The court cited Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial 8:468.2 (2002):

> "[N]o relation back where defendant's identity *unknown* when complaint filed: Most courts hold that a plaintiff's *lack of knowledge* as to a defendant's identity when the complaint was filed is *not* a ' *mistake* concerning the identity of the proper party.' Thus, in the absence of an error such as misnomer or misidentification, a party seeking to add someone whose identity was *unknown* cannot avail itself of the relation back doctrine of Rule 15(c)(3).")

---

[5] Although the EEO complaint is not before the court, MCM concedes that it was the defendant named in that complaint. (Def.'s Mot. at 3:9-10.)

1  (emphasis in original).  Here, plaintiff did know the identity of his employer, MCM, at the time
2  he filed the complaint.  In fact, MCM was named in the EEOC complaint.  Plaintiff explains that
3  in filing his complaint, he was under the impression that he had to name an individual instead of
4  a company.  (Opp. at 2.)  Under these facts, the court finds MCM knew or should have known
5  that absent plaintiff's pleading error, based on his pro se status and lack of legal knowledge, the
6  action would have been brought against it.  Therefore, the court finds that the TAC relates back
7  to the date of the filing of the original complaint and is not time barred.

        B.  Failure to State a Claim

9         Defendant contends that the complaint does not plead some of the requisite
10  elements to state a prima facie case of discrimination.  Defendant argues that plaintiff has not
11  pled how he suffered an adverse employment action based on his protected status, and that he has
12  not pled facts showing that defendant discriminated against him because of his race.  Nor does he
13  allege discriminatory motive, according to defendant.

14         In Swierkiewicz, plaintiff alleged that he was terminated for reasons that were
15  prohibited by Title VII.  The Court held that his complaint adequately stated a claim by
16  describing several events leading to his termination, providing relevant dates, and including the
17  ages and nationalities of some of the persons involved in his termination.  Swierkiewicz, 534
18  U.S. 506, 510-12, 122 S.Ct. 992, 997-98 (2002).  Therefore, under Swierkiewicz, a plaintiff is
19  not required to plead a prima facie case of discrimination at this stage of the proceedings.
20  Sheppard v. David Evans and Assoc., supra.  See also Peterson v. County of Stanislaus, 2012 WL
21  4863800, *3 (E.D. Cal. Oct. 12, 2012) (complaint is not required to establish all elements of a
22  prima facie case under Title VII at pleading stage); Rajabi v. PSA Airlines, Inc., 2011 WL
23  1331996, *3 (E.D. Cal. Apr. 6, 2011) (finding allegations that plaintiff was member of protected
24  class, that he was qualified for a certain position but was denied a promotion due to unfair
25  testing, that other similarly situated individuals were treated more favorably, and that he was
26  eventually terminated based on his national origin, were sufficient).

Based on these minimal requirements to plead a Title VII claim, plaintiff has alleged a connection between his membership in a protected class and his employer's alleged adverse actions. Plaintiff has alleged that he was a member of a protected class, that defendant refused to pay him the correct wage, but that "non-Blacks" were paid the correct wage, that an apprentice carpenter with less than a month's experience was kept on while plaintiff was terminated,[6] that MCM accused plaintiff of complaining that he was being discriminated against, that MCM applied "different standards of compensation, or different terms and conditions to non-Blacks," and that after terminating him, MCM hired two more carpenters less than two weeks later. In his opposition, plaintiff contends that defendant's act of forcing him to dig a 14 feet by 14 feet hole for three weeks during a heat wave with a shovel instead of letting him use a backhoe or do regular bridge building work was an act of retaliation. (Opp. at 4.) Plaintiff's TAC sufficiently states a discrimination claim upon which relief can be granted based on the tolerant pleading standards set forth above.

Defendant next argues that plaintiff has failed to plead a claim for wrongful termination for which separate elements are required because the TAC does not allege that plaintiff was terminated based on his protected status. The TAC alleges in this regard: "I suffered an adverse employment action due to MCM['s] false accusation of me. This cause[d] MCM to apply different standards of compensation, or different terms [and] conditions to non-Blacks." (TAC at 2.) Specifically under a subheading entitled "Wrongful Termination," plaintiff alleges: "Because of MCM's actions involving discrimination I was terminated. If my race had nothing to do with my termination MCM has to show why it is keeping an app. carpenter who's experience consisted of less than a month compared to my exp." (Id. at 4.)

---

[6] Plaintiff does not state in the TAC that the inexperienced carpenter was Caucasian, but so implies by his statement preceding the allegation: "If my race had nothing to do with my termination MCM has to show why it is keeping an app. carpenter who's experience consisted of less than a month compared to my exp." (TAC at 4.) In his opposition, plaintiff has clarified that the inexperienced carpenter was Caucasian. (Opp. at 3:5.)

9

Contrary to defendant's argument, plaintiff has specifically alleged that he was terminated based on his protected status. Therefore, his TAC is sufficiently pled to proceed with this action.

### C. Equal Pay Act Claim

Defendant correctly contends that a claim under the Equal Pay Act was already dismissed, pursuant to plaintiff's withdrawal of that claim. See Order, filed March 20, 2012 at 6-7. (Dkt. no. 23.) Defendant further argues that plaintiff has failed to state a claim under the Equal Pay Act ("EPA") because this act is limited to prohibiting employers from paying employees of one sex less than employees of the opposite sex for performing equal work.

The Equal Pay Act provides in part:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions....

29 U.S.C. § 206(d)(1).

An Equal Pay Act case requires a plaintiff to prove discrimination by showing that employees of the opposite sex were paid different wages for equal work. Stanley v. University of Southern California, 178 F.3d 1069, 1073-74 (9th Cir. 1999).

The TAC does not appear to attempt to make an Equal Pay Act claim. Rather, plaintiff appears to have created the subheading, "Equal Pay," in order to allege another factual example of race discrimination under Title VII, specifically that defendant refused to pay him his correct wages while not subjecting non-Blacks to this type of treatment. (TAC at 4.) For clarification purposes, the court does not construe the TAC to state a claim under the Equal Pay Act. Defendant's motion to dismiss an Equal Pay Act claim is denied as moot.

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, filed July 26, 2012, (dkt. no. 29), be denied; and

2. Defendant be ordered to file an answer within twenty-eight (28) days of an order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 14, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/anderson2833.mtd-sl