UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON ANDERSON, | No.  2:10-cv-2833 LKK GGH PS |
| Plaintiff, | |
| v. | ORDER |
| MCM CONSTRUCTION, INC., | |
| Defendant. | |

Pending before the court is a filing by plaintiff wherein he states that he "would like to file a motion to compel." (ECF No. 45.)  He initially noticed the matter for hearing on October 3, 2013; however, it was apparent that plaintiff had not followed the proper procedures dictated by E.D. Local Rule 251.  Therefore, the matter was vacated from the calendar, and the parties were ordered to meet and confer and file a joint statement by October 10, 2013.  A joint statement was not filed, but plaintiff filed a letter on October 11, 2013, indicating that he had tried to schedule a meet and confer but was informed by defendant that it was unnecessary.  Defendant was then ordered to file a response to this letter, and did so on October 18, 2013.

The declaration of defense counsel sets forth the meet and confer efforts which included multiple telephone conversations prior to October 3rd.  (Wohl Decl., ¶ 2.)  According to Mr. Wohl, these discussions included his offer for plaintiff to meet with him in person if he wished.  (Id.)  He also offered for plaintiff to take the depositions of the MCM foreman and supervisor

1

concerning plaintiff's allegations that his time sheets were fabricated.  (Id. at ¶ 3.)  In addition, counsel states that MCM produced all documents related to plaintiff's employment as well as documents that plaintiff had not requested.  Mr. Wohl states that the phone conversations made it clear to him that plaintiff's discovery complaints were really about MCM's defenses in the case.  (Id.)  In fact, plaintiff told Mr. Wohl that it was not necessary to meet in person because MCM continued to deny the allegations and refused to admit the daily time sheets were fabricated.  (Id. at ¶ 6.)  On October 3, 2013, Mr. Wohl states that he sent plaintiff a letter confirming their meet and confer efforts and informing plaintiff that if he did not think the discovery issue was resolved, to let Mr. Wohl know so that they could prepare a joint statement by the October 10th deadline.  Plaintiff did not respond to this letter.  (Id. at ¶ 5.)

Based on counsel's declaration, it is apparent that plaintiff's dispute lies not with the inability to obtain discovery from defendant, but with the defenses in the case.  Plaintiff's actions indicate that he does not seek to pursue his motion to compel.

Accordingly, IT IS ORDERED that: Plaintiff's motion to compel, filed September 6, 2013, (ECF 45), is denied without prejudice.

Dated: October 29, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Anderson2833.mtc

2