UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON ANDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>MCM CONSTRUCTION, INC.,<br><br>    Defendant. | No.  CIV. S-10-2833 LKK/GGH PS<br><br><br>**ORDER** |

Plaintiff Bryon Anderson is proceeding pro se and in forma pauperis with this civil action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  By order filed March 25, 2014, this court adopted in full findings and recommendations filed by the magistrate judge on December 3, 2013 and granted summary judgment in favor of defendant MCM Construction, Inc.  (ECF No. 71)  Judgment was entered on the same day.  (ECF No. 72)  On April 7, 2014, plaintiff filed a document styled "Response to Court's Decision."  The court construes this document as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

////

Rule 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff's motion is unsupported by evidence and he has made no arguments that bring the motion within the ambit of the first five paragraphs of Rule 60(b). Nor has he met the rigorous standards for relief under Rule 60(b)(6).

> Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action

2

to prevent or correct an erroneous judgment.'" <u>United States v. Washington</u>, 394 F.3d 1152, 1157 (9th Cir.2005) (quoting <u>United States v. Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir.1993)). Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with ... the action in a proper fashion." <u>Community Dental Services v. Tani</u>, 282 F.3d 1164, 1168 (9th Cir.2002).

<u>Latshaw v. Trainer Wortham & Co., Inc.</u>, 452 F.3d 1097, 1103 (9th Cir. 2006). Plaintiff's motion, unsupported by any evidence, does not meet the showing required for relief under Rule 60(b)(6).

    Accordingly, IT IS HEREBY ORDERED that plaintiff's April 7, 2014 "Response to Court's Decision" (ECF No. 73) is construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and, so construed, is denied.

    DATED: July 8, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT