UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRYON ANDERSON,

Plaintiff,

v.

MCM CONSTRUCTION, INC.,

Defendant.

No. 2:10-cv-2833 KJM GGH

ORDER

On July 25, 2014, plaintiff Bryon Anderson filed a renewed motion for reconsideration of the court's order of March 25, 2014 granting defendant's motion for summary judgment. After considering plaintiff's arguments, the court DENIES the motion.

I. BACKGROUND

In his Third Amended Complaint (TAC) filed March 21, 2012, plaintiff, who is African American, alleged that defendant MCM Construction paid him less than other workers and responded to his complaints of discrimination by subjecting him to adverse treatment and ultimately termination. TAC, ECF No. 24. He raised claims of discrimination, harassment, wrongful termination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. *Id*.

On September 16, 2013, defendant filed a motion for summary judgment. ECF No. 46. Plaintiff filed his own motion for summary judgment on October 11, 2013. ECF No. 50.

After considering both motions and the other papers filed by the parties, the magistrate judge recommended that plaintiff's motion for summary judgment be granted and plaintiff's motion be denied. ECF No. 60. The district court adopted these findings and recommendations on March 25, 2014 and judgment was entered on the same day. ECF Nos. 71, 72.

On April 7, 2014, plaintiff filed a motion for reconsideration, arguing that the court had erred in not giving him additional time in which to gather evidence to oppose the motion for summary judgment. He claimed the evidence he needed was in the arbitrator's possession, but he was unable to retrieve it in a timely fashion. ECF No. 73.

On July 9, 2014, the district judge then assigned to the case denied the motion, noting it was not supported by evidence and did not meet the "rigorous standards for relief under Rule 60 (b)(6)." ECF No. 74 at 2.

Plaintiff filed the current motion on July 25, 2014, attaching various documents. He alleges these documents demonstrate that he was in fact not paid the correct wages and so the increase from $18.77 an hour he was receiving to $24.19 an hour was not an overpayment as MCM claimed and the magistrate judge found. *See* ECF Nos. 46-1 at 7, 60 at 15.

I. ANALYSIS

Under Rule 59(e), a party may move to "alter or amend a judgment" within twenty-eight days of the entry of the judgment. Although the Rule does not list specific grounds for such a motion, the Ninth Circuit has said that a Rule 59(e) motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). This court has "wide discretion" when considering such a motion. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). The rule provides "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). A party filing a motion for reconsideration should not ask the court "to rethink what the Court has already thought through"

simply because of a disagreement with the result of that thought process. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). A motion to amend the judgment "is a proper vehicle for seeking reconsideration of a summary judgment ruling." *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (per curiam).

To the extent plaintiff seeks reconsideration of the summary judgment ruling, it is not timely. Nevertheless, because plaintiff explains the problems he had securing the evidence he has now presented, the court will consider it.

Plaintiff has provided a number of documents he alleges show that the rate of pay for a bridge builder never changes and so he was in fact not given the correct wages during the time he received $18.77 an hour. What these documents do not show, however is that any diminution of plaintiff's rate of pay was the result of discrimination. Without this showing, the documents do not demonstrate that the order granting defendant's motion for summary judgment should be reconsidered.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration, ECF No. 75, is denied.

DATED: October 14, 2014.

UNITED STATES DISTRICT JUDGE