UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON ANDERSON,<br><br>             Plaintiff,<br><br>      v.<br><br>MCM CONSTRUCTION, INC.,<br><br>             Defendant. | CASE NO. 2:10-cv-2833 KJM GGH<br><br><br>ORDER DENYING REQUEST FOR EXTENSION OF TIME TO FILE MOTION FOR RECONSIDERATION |

On November 14, 2014, plaintiff Byron Anderson filed a request for an extension of time needed to file a motion for reconsideration. ECF No. 78. Plaintiff requests a 45-day extension. *Id*. This court entered a judgment against plaintiff and for defendant MCM Construction on March 25, 2014. ECF No. 72. On April 7, 2014, plaintiff filed a motion for reconsideration which was denied on July 9, 2014. ECF Nos. 73, 74. On July 25, 2014, plaintiff filed another motion for reconsideration which was denied on October 15, 2014. ECF Nos. 75, 77.

With the most recent denied motion for reconsideration, plaintiff provided documents he says "demonstrate that he was in fact not paid the correct wages and so the increase from $18.77 an hour he was receiving to $24.19 an hour was not an overpayment as MCM claimed and the magistrate judge found." ECF No. 46-1 at 7, 60 at 15. In his instant request for an extension of time to file a renewed

1  motion for reconsideration, he states he is "having his hours looked at by the Labor and Workforce
2  Development Agency" and that defendant submitted work hours that differ from his own.  ECF No. 78
3  at 1.  He claims he will submit "proof showing the discrimination was due to [his] race because MCM
4  IRS records regarding [him do] not match and is another form of fraud . . . ."  *Id*.

5          Under Federal Rule of Civil Procedure 59(e), a party may move to "alter or amend a
6  judgment" within twenty-eight days of the entry of the judgment.  Although the Rule does not list
7  specific grounds for such a motion, the Ninth Circuit has said that a Rule 59(e) motion may be granted if
8  "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear
9  error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in
10 controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  This court has
11 "wide discretion" when considering such a motion.  *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d
12 1058, 1063 (9th Cir. 2003).  The rule provides "an 'extraordinary remedy, to be used sparingly in the
13 interests of finality and conservation of judicial resources.'"  *Kona Enters., Inc. v. Estate of Bishop*, 229
14 F.3d 877, 890 (9th Cir. 2000) (quoting James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d
15 ed. 2000)).  A party filing a motion for reconsideration should not ask the court "to rethink what the
16 Court has already thought through" simply because of a disagreement with the result of that thought
17 process.  *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc*., 99 F.R.D. 99, 101 (E.D. Va. 1983).  A
18 motion to amend the judgment "is a proper vehicle for seeking reconsideration of a summary judgment
19 ruling."  *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (per curiam).

20         The plaintiff's motion for reconsideration is untimely under Rule 59(e).  Moreover, the
21 court finds the evidence plaintiff says he can now procure relates to the same issue of inconsistent
22 reporting of work hours as supported by the evidence produced with the previously denied motion for
23 reconsideration.  The court found this evidence does not serve as any evidence of discrimination, and
24 finds no reason to revisit that conclusion now.  The prior decision was not unjust in light of the
25 applicable law and no change in controlling law requires reconsideration.  Plaintiff's request for an
26 extension to file a motion for reconsideration is DENIED.
27 /////
28

**2**

1   IT IS SO ORDERED.
2   DATED: December 16, 2014.

_____
UNITED STATES DISTRICT JUDGE